[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on Defendant's Motion to dismiss brought pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et seq. hereinafter referred to as The Act.
The plaintiff, Joseph Cannon, is seeking compensation under the provisions of The Act for injuries resulting from sexual assault extending over a period of ten years. During that time period, plaintiff was a minor. These incidents were reported to the West Warwick Police Department on March 27, 1985 and on December 8, 1988 a complaint was filed in Providence County Superior Court. However, although the complaint was filed within two years of plaintiff's reaching the age of majority, a summons and complaint were never served on the defendant State of Rhode Island.
On September 8, 1989, plaintiff filed a second complaint, this time in Kent County Superior Court. On that same date, the Attorney General and the General Treasurer of the State of Rhode Island were served with a summons and complaint as proscribed in R.I.G.L. § 12-25-3. However, this complaint was filed more than two years after plaintiff reached the age of majority which occurred on December 8, 1986. (The Statute in question was amended effective July 1, 1988 extending the Statute of limitations to three (3) years. However, this amendment was prospective in nature and thus the two year limitation applies to the instant case because the injuries occurred between 1974 and 1984.)
It appears from the record, that the attorney who filed the Kent County Superior Court action was unaware that another attorney had filed the Providence County action referred to above. On March 14, 1991, plaintiff filed a motion to consolidate these two actions and that motion was granted.
Defendant now seeks to dismiss the action pursuant to Rule 41 (b)(2) of the Superior Court Rules of Civil Procedure which states in pertinent part:
. . . On Motion of the Defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution as provided in paragraph (1) of this subdivision. . .
Rule 4 sets forth the rules governing service of process and requires that service must be effectuated within a reasonable time following the filing of a complaint unless the delay was excusable. In the instant case, plaintiff has not alleged excusable neglect.
In the case at bar, the Court has before it two complaints, one filed in a timely manner but without service on the defendant and one with such service but filed beyond the period of allowed by The Act. However, as noted above, on March 14, 1991, plaintiff moved to consolidate the two complaints. The Superior Court files show that this motion was granted and no objection was filed on behalf of the defendant. Therefore, it appears that this now consolidated case is filed in a timely manner with service to the proper parties.
Since each of these actions are based on the same facts, they merged when consolidated and now form one action which is both timely as well as procedurally correct. This court, in its discretion, holds that the motion to dismiss is denied and the above action may proceed to hearing.